UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| SHERIA N. BELLE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2724 SNLJ |
| | ) | |
| KELVIN ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed a civil suit and seeks leave to proceed in forma pauperis. Plaintiff is granted leave to proceed without payment of the filing fee. After reviewing the complaint, the Court finds that it lacks jurisdiction over this matter, and the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

### Background

Plaintiff, Sheria N. Belle-Bey, filed this action on October 7, 2019, under the Treaty of Peace and Friendship of 1787 against St. Louis Superintendent of Schools Kelvin Adams, as well as Elizabeth Bender, Associate Superintendent, and St. Louis Public Schools and the Unnamed Insurer for St. Louis Public Schools.

Plaintiff also alleges that her lawsuit arises under Title 18 U.S.C. §§ 241, 242 and the Bill of Rights and the United Nations Declaration of Rights of Indigenous Peoples.

In her complaint, plaintiff states that she worked as a school teacher for the St. Louis Public Schools at Gateway High School sometime between 2014 and 2015. She claims she was unlawfully terminated from her position in 2015.[1] Plaintiff grieved her dismissal by filing a charge

---

[1] The Court takes judicial notice that plaintiff filed an employment discrimination lawsuit in the Circuit Court for the City of St. Louis relating to her termination against the Local Teachers Union in February of 2017. *See Belle-Bey v.*

of discrimination with the Missouri Commission on Human Rights ("MCHR)[2] and on November 22, 2016, the MCHR issued plaintiff a notice of right to sue.

In the instant action, plaintiff asserts that she was injured at her work on October 6, 2014, when she fell off of a ladder. Plaintiff recounts that she was also injured at school on October 23, 2014, as well as on February 27, 2015, March 12, 2015, March 24, 2015, and April 6, 2015. She asserts injuries to her head, back and neck as well as her hip. She alleges that defendants are liable to her for "negligence" as all relate to her initial fall from the ladder but were not covered by workers compensation. Plaintiff also states that defendants breached their fiduciary duty by failing to cover her through the workers compensation plan.[3]

Plaintiff seeks in excess of $4.5 million dollars in this action.

## Discussion

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. From a review of plaintiff's allegations, it does not appear that plaintiff's complaint sets forth adequate subject matter jurisdiction.

Title 18 of the United States Code is a criminal statute which provides no private cause of action. Moreover, to the extent that plaintiff is seeking the initiation of federal criminal charges

---

*AFL CIO Local 420, et al.*, No. 1722-CC00559 (22nd Judicial Circuit, St. Louis City). The case was dismissed without prejudice due to plaintiff's failure to appear on April 5, 2017. Plaintiff filed a second case against the Union on February 16, 2018, *Belle-Bey v. AFL CIO Local 420, et al.*, No. 1822-CC00342 (22nd Judicial Circuit, St. Louis City), and the Local removed the action to this Court on March 6, 2018. *Belle-Bey v. AFL CIO Local 420 Teachers Union*, No. 4:18-CV-369 HEA (E.D.Mo.). The case was dismissed on October 18, 2018.
[2] Missouri is a dual-filed state, meaning that plaintiff's charge was also simultaneously filed with the Equal Employment Opportunity Commission ("EEOC"). There is no indication in the record, however, of the date plaintiff was issued a notice of right to sue from the EEOC.
[3] It appears that plaintiff's complaint is a copy of a submission she provided to the Division of Workers Compensation. It is similar to the appeal for the denial of disability benefits she submitted in *Belle-Bey v. SAB of TSD of City of St. Louis*, No. ED107544 (Mo.Ct.App. 2019).

against defendants, initiation of a federal criminal prosecution is a discretionary decision within the executive branch and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

In her request for relief, plaintiff mentions the due process clause and the Fifth Amendment; however, the Fifth Amendment provides for due process between the federal government and individual citizens. The federal government is not a party to this action, and therefore, the Fifth Amendment is not implicated in this action.

Plaintiff fails to make any allegations that the "Treaty of Peace and Friendship of 1836 A.D. Between Morocco and the United States" provides her with a right to bring any action against defendants. Similarly, there is no indication that the United Nations Declaration of Rights of Indigenous Peoples allows plaintiff jurisdiction to bring an action in this Court.[4]

Additionally, to the extent plaintiff is attempting to allege jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, there is no indication that plaintiff is bringing a discrimination in employment action within ninety (90) days of receipt of a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. *E.g.*, *Braxton v. Bi-State Development Agency*, 728 F.2d.1105, 1108 (8th Cir. 1984).

It appears, instead, that plaintiff is merely bringing state law claims against defendants, for negligence. Such claims do not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court

---

[4]Claims of this nature are often asserted by people who claim to be exempt from various laws and from the jurisdiction of the courts, and who seek to avoid the consequences of their criminal convictions. Such claims completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

may only hear this case if diversity jurisdiction exists. It does not appear that diversity jurisdiction exists because plaintiff and defendants are citizens of the same state. As a result, the instant action will be dismissed for lack of jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of October, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE